IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WESLEY FREEMAN, ) | CASE NO. 1:09 CV 2006 |
| ) | |
| Plaintiff, ) | MAGISTRATE JUDGE |
| ) | WILLIAM H. BAUGHMAN, JR. |
| v. ) | |
| ) | |
| CITY OF LYNDHURST, *et al.*, ) | **MEMORANDUM OPINION** |
| ) | **& ORDER** |
| Defendants. ) | |

## Introduction

Before me[1] is a motion by defendants the City of Lyndhurst and Lyndhurst patrolmen Richard Romano and Gregory Traci (the City defendants) for partial judgment on the pleadings according to Federal Rule of Civil Procedure 12(c).[2] Plaintiff Wesley Freeman has

---

[1] ECF # 26.  The parties have consented to my exercise of jurisdiction.

[2] ECF # 14.  The City defendants' motion states that it is one for "partial judgment on the pleadings," *id*., but then cites Fed. R. Civ. P. 12(b) as the basis for the motion. *Id.* at 1. While any of the defenses of Rule 12(b) may be made by motion, such a motion, by the terms of Rule 12(b), must be "made *before* pleading if a responsive pleading is allowed." (Emphasis added).  Here, the City defendants had already filed their answer before submitting the current motion. *See*, ECF # 12 (answer of defendants filed Oct. 20, 2009) and ECF # 13 (amended answer filed Oct. 22, 2009).  The present motion was filed Oct. 23, 2009.  Accordingly, grounding the current motion in Rule 12(b) is not proper.  Moreover, Rule 12(c) directly addresses motions for judgments on the pleadings, which is the captioned purpose of motion now before me.  Also, under Rule 12(c), motions for judgments on the pleadings are permitted "after the pleadings are closed" but "early enough not to delay trial." Plainly, based on the fact that this motion was (1) tendered after these defendants had filed their answer and (2) seeks partial judgment on the pleadings, the correct foundation for the motion before me is Rule 12(c), not 12(b).  However, inasmuch as Rule 8(e) states the long-established principle that pleadings "must be construed to do justice," I will consider the present motion as made under Rule 12(c).

responded in opposition,[3] to which the City defendants have responded.[4] For the reasons that follow, the City defendants' motion will be granted.

## Facts

The complaint in this matter arises from the circumstances of Freeman's arrest while attending a high school football game in Lyndhurst on September 28, 2007.[5] Freeman has raised federal claims under 42 U.S.C. § 1983 for use of excessive force, unlawful seizure, failure to train, maintenance or enforcement of a racially discriminatory policy, and failure to intervene.[6] He also alleges that he was racially discriminated against in violation of 42 U.S.C. § 1981[7] and that all defendants conspired together to discriminate against him on the basis of race in violation of 42 U.S.C. § 1985.[8] Moreover, he raises Ohio law claims of assault and battery and intentional infliction of emotional distress.[9]

---

[3] ECF # 25.

[4] ECF # 27.

[5] ECF # 33. Under terms of my case management order (ECF # 29), Freeman has filed an amended complaint, which adds a new defendant and a new claim to the original complaint (ECF # 1). The amended complaint does not alter the claims to which this motion is directed or the arguments with respect to those claims.

[6] *Id*. at 6-9.

[7] *Id*. at 10.

[8] *Id*. at 11.

[9] *Id*. at 12-13.

In the present motion, the City defendants argue first that Freeman's state law claims for assault and battery and for intentional infliction of emotional distress are barred by the statute of limitations.[10] They argue next that even if the claims were timely filed, the City itself is entitled to immunity from suit for such claims under Ohio law.[11]

Specifically as to the issue of timeliness, the City defendants contend that assault and battery claims in Ohio are subject to a one-year statute of limitations in Ohio Revised Code § 2305.111(B).[12] Thus, they assert, since the alleged assault and battery occurred on September 28, 2007,[13] the filing of the original complaint on August 27, 2009[14] makes any claim for assault and battery time-barred under Ohio law.[15] The City defendants further argue that while intentional infliction of emotional distress is generally subject to a four-year limitations period in Ohio, if such a claim is based on an assault and battery, it is subject to the one-year limitations period attaching to that claim.[16]

As to the issue of sovereign immunity, the City for itself maintains that it is entitled to immunity under Ohio law for both the claims of assault and battery and intentional infliction of emotional distress. In particular, it notes that Ohio Revised Code § 2744.02

---

[10] ECF # 14 at 3-5.

[11] *Id*. at 5-7.

[12] *Id.* at 3.

[13] ECF # 33 at ¶¶ 15, 16.

[14] *See*, ECF # 1.

[15] ECF # 14 at 4.

[16] *Id*. at 4-5.

provides a grant of immunity to political subdivisions for any action of that entity or its employees in connection with performing a governmental function, subject only to the specific exceptions to that grant of immunity set forth in Ohio Revised Code § 2744.02(B).[17] In that regard it notes further that none of the specific exemptions to immunity listed in § 2744.02(B) apply in this case, and there is no general exemption to immunity for intentional torts like assault and battery and intentional infliction of emotional distress.[18] Thus, the City concludes, it is entitled under Ohio law to immunity from suit for claims of assault and battery and intentional infliction of emotional distress.[19]

Freeman in his response does not address the claim that his assault and battery count is governed by a one-year limitations period and so is now time-barred. Rather, he initially takes issue with the assertion that the claim for intentional infliction of emotional distress should be analyzed for purposes of the statute of limitations as derived from the assault and battery claim.[20] In particular, Freeman contends that the intentional infliction of emotional distress count is premised on more than any "offensive touching" and includes the "emotional trauma," "humiliation" and "embarrassment" arising from his being subject to an unlawful seizure.[21]

---

[17] *Id*. at 5-6.

[18] *Id*. at 6-7.

[19] *Id*. at 7.

[20] ECF # 25 at 5-6.

[21] *Id.*

-4-

Freeman then argues that the City is not entitled to sovereign immunity under Ohio law on two grounds: first, that Ohio Revised Code § 2744.03 provides an exception to the general grant of immunity to Ohio political subdivisions when the subdivision's decision as to how to use property or personnel is made "'with malicious purpose, in bad faith, or in a wanton or reckless manner;'"[22] and second, that the City remains liable under Ohio Revised Code § 2744.02(B)(4) for injuries caused by its employees on the grounds of a building used for a public function.[23] As concerns the latter argument, Freeman maintains that despite attempts by the legislature to amend it, this provision has not been limited to injury caused by physical defects in the public building or grounds, such amendment having allegedly been found unconstitutional in a different case.[24]

In reply, the City defendants initially contend that the intentional infliction of emotional distress claim in this case does, contrary to Freeman, proceed from aspects of assault and battery, and so the intentional infliction of emotional distress count should be found untimely filed since it is, in essence, a species of assault and battery which is governed by the one-year limitations period.[25] The City maintains further that Ohio Revised Code § 2744.03 does not operate "as a sword to impose liability" on a political subdivision but, rather, contains defenses that such a subdivision may use once an exception to the general

---

[22] *Id*. at 6, quoting Ohio Rev. Code § 2744.03.

[23] *Id*. at 7-8.

[24] *Id*. at 7.

[25] ECF # 27 at 2-3.

grant of immunity from suit has already been established.[26] It also asserts that § 2744.02(B) is restricted to injuries caused by defects in buildings and grounds used for government purposes, not – contrary to the general grant of immunity in § 2744.02(A) – to re-impose liability on political subdivisions for any tort committed while the victim was simply present on such grounds.[27]

Having been briefed as stated above, the matter is now ready for decision.

## Analysis

**A.     Standards of review**

*1.     Judgment on the pleadings*

The standard for adjudicating a motion for judgment on the pleadings was recently stated by the Sixth Circuit as follows:

> A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure may be granted when the moving party "is entitled to judgment as a matter of law." When deciding such a motion, the district court must take all the "well-pleaded material allegations of the pleadings of the opposing party" as true.[28]

---

[26] *Id.* at 4-5.

[27] *Id.* at 5-7.

[28] *Cincinnati Ins. Co. v. Beazer Homes Invs.*, 594 F.3d 441, 444 (6th Cir. 2010), quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006) (citation omitted).

Moreover, in that regard, as was noted by Judge Katz of this Court in *Crist v. Pugin*,[29] while the district court considering a defendant's motion for judgment on the pleadings must construe the allegations of the complaint in the light most favorable to the plaintiff and accept the allegations as true, the court is under no obligation to accept as true the plaintiff's legal conclusions nor to make unwarranted factual inferences.[30]

### 2. *Ohio statute of limitations – assault and battery/false arrest*

As another judge of this Court recently observed in the similar case of *Wheeler v. Newell*:[31]

> Ohio Revised Code § 2305.111(B) states that "an action for assault or battery shall be brought within one year after the cause of action accrues." Claims of false arrest and false imprisonment [in Ohio] also have a one year statute of limitations. [A plaintiff's] cause of action [on these claims] accrue[s] on the date of the incident ....[32]

### 3. *Ohio statute of limitations – intentional infliction of emotional distress*

The statute of limitations in Ohio for intentional infliction of emotional distress was discussed in the very similar recent case of *Crist*, which dealt with claims arising from an alleged physical altercation and false arrest involving police officers and the plaintiff:

---

[29] *Crist v. Pugin*, Case No. 3:08-cv-501, 2008 WL 2571229 (N.D. Ohio June 25, 2008).

[30] *Id.*, at *1 (citations omitted).

[31] *Wheeler v. Newell*, Case No. 3:09-cv-358, 2009 WL 3720663 (N.D. Ohio Nov. 5, 2009).

[32] *Id.*, at *2 (citations and footnote omitted); *accord*, *Crist*, 2008 WL 2571229, at **1-2 (Ohio statute of limitations for false arrest is one year, and the cause of action accrues on the date of the arrest).

> The statute of limitations [in Ohio] which applies to the intentional infliction of emotional distress can vary depending on the type of action which gives rise to the claim. "Generally, the applicable statute of limitations for a claim of intentional infliction of emotional distress is four years. However, when the acts underlying the claim would support another tort, the statute of limitations for that other tort governs the claim for intentional infliction of emotional distress."[33]

In that regard, *Crist* further observed:

> The Ohio Supreme Court has stated that "in determining which limitations period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial."[34]

**B.    Application of standards – the Ohio law claims of assault and battery and intentional infliction of emotional distress are dismissed as time-barred.**

In this case, I note first that Freeman has not contested the City defendants' assertion that his state law claim of assault and battery is time-barred for being asserted on August 27, 2009 – or nearly two years after the events of September 28, 2007, which are the foundation for this case. Thus, as the preceding analysis substantiates, I find that Freeman's assault and battery count is time-barred under Ohio law, rendering it liable now to dismissal as the City defendants contend.

I note further that Freeman's intentional infliction of emotional distress count is likewise based on the events of September 28, 2007, and rests upon the dual foundation that the actions of the defendants combined excessive force (assault and battery) and constituted

---

[33] *Id.*, quoting *Stafford v. Clever Investigations*, 2007 WL 2800333, at *2 (Ohio Ct. App. Sept. 27, 2007).

[34] *Id.*, quoting *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 183, 465 N.E.2d 1298, 1302 (1984).

an unlawful seizure (false arrest/imprisonment). Under Ohio law, both aspects of any intentional infliction of emotional distress claim in this case are subject to one-year limitations periods. As such, in accord with the teaching of the Ohio Supreme Court as applied by *Crist*, I also find that the applicable limitations period for the count of intentional infliction of emotional distress here is likewise one year, and Freeman's claim is, therefore, time-barred and subject to dismissal.

Finally, because these state-law claims are time-barred, there is no need to address the issue of whether Ohio law immunity applies to the City in this case.

## Conclusion

For the foregoing reasons, the City defendants' motion for partial judgment on the pleadings is granted, and Freeman's state-law claims of assault and battery (Count IX)[35] and intentional infliction of emotional distress (Count X)[36] are hereby dismissed as to all defendants as time-barred.

IT IS SO ORDERED.

Dated: March 12, 2010　　　　　　　　　　　　　s/ William H. Baughman, Jr.
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[35] ECF # 33 at 12.

[36] *Id*. at 12-13.